UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOCCO D. BAILEY, | ) |   |
|---|---|---|
|   | ) |   |
| Petitioner, | ) |   |
|   | ) |   |
| v. | ) | No. 3:10 CV 103 |
|   | ) |   |
| SUPERINTENDENT, | ) |   |
|   | ) |   |
| Respondent. | ) |   |

## OPINION and ORDER

Jocco D. Bailey, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding. (DE 1.) In ISP 09-12-0094, a hearing officer at Indiana State Prison ("ISP") found Bailey guilty of committing a battery against another inmate with a weapon in violation of disciplinary rule A102 while he was housed at New Castle Correctional Facility ("New Castle").[1] On June 20, 2008, Investigator J. Huddleston prepared a conduct report stating as follows:

> On 6-3-08 at approximately 1600 an offender in H2 was found to have been the victim of an assault with a weapon. He suffered puncture wounds to numerous areas of his body that are consistent with those found in a stabbing with a homemade weapon, or "shank." Upon conclusion of an Internal Affairs investigation, it has been determined that

---

[1] Bailey was originally found guilty of this offense by a Disciplinary Hearing Body ("DHB") at New Castle in July 2008. In August 2009, he filed a federal habeas petition in the Southern District of Indiana challenging the determination. *See Bailey v. Superintendent*, 1:09cv1076 (S.D. Ind. filed Aug. 31, 2009). Before that court could decide the petition, the Respondent voluntarily agreed to provide Bailey with a new hearing, and the case was subsequently dismissed as moot. By this time, Bailey had been transferred to ISP, which is where the rehearing occurred. In this case, Bailey is claiming that he was denied due process at the rehearing held at ISP.

> Offender Jocco Bailey (IDOC #873649) was the assailant in this attack. The weapon in this case was determined to be a piece of metal, filed to a point, that was taken from a metal brace. Numerous sources identified Bailey and identified the weapon that was used.

(DE 9-2.)

On December 15, 2009, Bailey was notified of the charges. (DE 9-5.) The screening report reflects that he pled not guilty, requested a lay advocate, and requested witness statements from three guards at New Castle. He also requested certain documentary evidence, including "camera evidence," and the "log" for June 3, 2008. (DE 9-5.) The disciplinary hearing was continued three times in order to secure the witness statements Bailey requested. (DE 9-8, DE 9-9, DE 9-10.) Ultimately, it was determined that such statements could not be obtained because the three guards were no longer employed at New Castle. (DE 9-11, DE 9-21.) The hearing was postponed a fourth time due to an institutional lockdown. (DE 9-12.)

On January 25, 2010, a hearing officer conducted a disciplinary hearing on the charge. She found Bailey guilty and imposed a sanction of 30 days lost earned time credit and other sanctions. (DE 9-20.) In reaching her decision, the hearing officer stated that she was relying on staff reports, a statement from the victim, the victim's medical records, photos, and the report of investigation. (DE 9-20.) Bailey appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE 9-21, DE 9-22, DE 9-23.) He then filed this petition.

Bailey first claims that he was denied an opportunity to present witnesses and evidence in his defense. (DE 1 at 3-4, DE 13 at 3.) A prisoner has a limited right to call witnesses and present documentary evidence in his defense consistent with correctional goals and safety. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). Here, Bailey complains that the witness statements he requested were not obtained. (DE 1 at 3-4, DE 13 at 2-3.) However, the record shows that efforts were made to obtain the statements, but the witnesses were unavailable to give statements because they were no longer employed by IDOC. (DE 9-11; *see also* DE 9-21.) In short, there is nothing in the record to indicate that the hearing officer acted improperly in failing to obtain statements from these witnesses.

Bailey also complains that he was denied certain physical evidence that he requested, namely, camera evidence and log books. (DE 1 at 4, DE 13 at 3-4.) Although Bailey requested such evidence at the time of screening, he did not elaborate on what camera evidence and log books he was seeking. (DE 9-5.) The hearing officer reasonably concluded that Bailey was referring to camera evidence and logs from the housing unit where the assault occurred. She attempted to obtain camera evidence from the housing unit, but was told that at that time New Castle did not have cameras inside the housing unit where the attack took place. (DE 9-17.) The hearing officer was able to obtain the log books, and she considered them in making her determination, but these did not contain any evidence either implicating or exculpating Bailey in the offense. (DE 9-19.)

3

Bailey now states that he was referring to camera evidence and log books from other areas of the prison, but he did not make that clear at the time of screening.² (*See* DE 9-5.) Accordingly, he cannot premise a due process claim on the hearing officer's failure to obtain this other evidence. *See Sweeney*, 113 F.3d at 719-20 (inmate was not denied due process where he failed to request specific evidence at the time of screening).

Bailey also appears to claim that he was denied his right to review the confidential internal investigation report. (DE 1 at 5.) "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White*, 266 F.3d at 767. Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Reliability can be established based on (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of the material. *Id.* If a disciplinary board fails to address the information's reliability, the district court may conduct its own review. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). This court has independently reviewed the entire internal affairs file submitted by the respondent under seal. Without revealing the

---

² Bailey also appears to claim that the log books provided were actually for a different unit, but there is nothing in the record to support this assertion. (*See* DE 14.)

contents of the file so as to compromise institutional safety, the court concludes that it contains reliable evidence to support the hearing officer's finding of guilt. Accordingly, this claim is denied.

Bailey also appears to claim that he did not receive proper advance notice of the charges. (DE 1 at 5.) Due process requires that an offender receive written notice of the charges at least 24 hours before the hearing. *Wolff*, 418 U.S. at 566. The basic purpose of the notice is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Whitford*, 63 F.3d at 534. To that end, the notice must include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Id.* Here, Bailey received much more than 24 hours notice, since he was notified of the charges on December 15, 1999, and the hearing did not occur until January 25, 2010.[3] (DE 9-5, DE 9-20.) The notice included the number of the rule violated, and the conduct report provided to him contained more than enough detail about the incident to enable him to prepare a defense. (*See* DE 9-2.) Accordingly, Bailey's claim is denied.

Bailey also claims that the prison violated its own internal policies in connection with the timing of the hearing and the handling of the confidential investigation report. (DE 1 at 5.) Relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62,

---

[3] Indeed, Bailey was aware of the facts surrounding the attack as far back as July 2008, when he was initially charged with the offense at New Castle.

67-68 (1991). Accordingly, Bailey's claims premised on violations of prison policy do not provide a basis for granting federal habeas relief.[4]

For these reasons, the petition (DE 1) is **DENIED**.

**SO ORDERED.**

Date: July 23, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[4] In his traverse, Bailey raises an additional argument that he was denied "equal protection" based on the prison's failure to restore certain lost good time credits to him, when it has taken such action for other inmates. (DE 13 at 4.) This claim was not raised in his habeas petition and falls outside the scope of this case, which is limited to review of the adverse disciplinary determination pursuant to *Wolff*. Even if this claim somehow arose under *Wolff* and could be raised in this case, it has no merit. Documents Bailey has attached show that he was not eligible for a restoration of credits due to the disciplinary conviction that the court has upheld in this case. (DE 13 at 5-7.)